**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Eric S. Reed; Soldier's Hymn Music, Inc.; Willie Jones III; and WJ3 Productions, LLC; | Case No. 1:14-cv-5064 |
| Plaintiffs, | |
| v. | |
| | Judge: |
| Kendrick Lamar Duckworth (a/k/a Kendrick Lamar); William T. Brown (a/k/a Willie B); Mark Anthony Spears (a/k/a Sounwave); TopDawg Entertainment, Inc.; Reach Music Publishing, Inc.; Four Dott c/o Reach Music Publishing, Inc.; Music From the Boardwalk c/o Reach Music Publishing, Inc.; Sony/ATV Allegro c/o Sony/ATV Tunes, LLC; Beat Bully Productions c/o Sony/ATV Tunes, LLC; Hard Working Black Folks, Inc. c/o WB Music Corp. c/o Warner Chappell Music, Inc.; Top Dawg Music c/o WB Music Corp. c/o Warner Chappell Music, Inc.; WB Music Corp. c/o Warner Chappell Music, Inc.; | Magistrate Judge: |
| Defendants. | |

## <u>COMPLAINT</u>

Plaintiffs, Eric S. Reed, Soldier's Hymn Music, Inc., Willie Jones III, and WJ3

Productions, LLC (hereinafter "Plaintiffs"), by and through their attorneys of record, hereby

allege as their Complaint against Kendrick Lamar Duckworth (a/k/a Kendrick Lamar); William

T. Brown (a/k/a Willie B); Mark Anthony Spears (a/k/a Sounwave); TopDawg Entertainment,

Inc.; Reach Music Publishing, Inc.; Four Dott c/o Reach Music Publishing, Inc.; Music From the

Boardwalk c/o Reach Music Publishing, Inc.; Sony/ATV Allegro c/o Sony/ATV Tunes, LLC;

Beat Bully Productions c/o Sony/ATV Tunes, LLC; Hard Working Black Folks, Inc. c/o WB

Music Corp. c/o Warner Chappell Music, Inc.; Top Dawg Music c/o WB Music Corp. c/o Warner Chappell Music, Inc.; WB Music Corp. c/o Warner Chappell Music, Inc.; (collectively, "Defendants"), as follows:

## NATURE OF THIS ACTION

1.     This is a case of copyright infringement, false designation of origin, misappropriation, unjust enrichment, and diminution of value arising out of Defendants' creation and exploitation of the highly successful "Rigamortus" song (sometimes spelled "Rigamortis"), of which there are several versions.  At the time of filing this Complaint, Plaintiffs are aware of the following versions of "Rigamortus": "Rigamortus", Kendrick Lamar: *Section.80*; "Rigamortus (Remix)", Kendrick Lamar featuring Busta Rhymes; "Rigamortus (Full Instrumental)", Willie B: *Ichiban: Sound in 3D*; "Rigamortis Cover", Kris Bowers; "Rigamortis", CGP All Stars: *All the Kings Men*; "Rigamortis (Instrumental)", Syndicate Sound Labs: *Kendrick's Instrumentals, Vol. 1*; "Rigamortis", Redd: *Potential*; and "National Rigamortis (Radiohead x Kendrick Lamar)", the B.E.A.T.: *undercover EP.*  All versions of "Rigamortis/Rigamortus" are copied and adapted from the copyrighted composition and sound recording, "The Thorn", which was authored, performed, and recorded by Eric Reed (composition) and Willie Jones III (master recording).



2.    The sound recordings of "Rigamortus", "Rigamortus (Remix)", and "Rigamortus (Full Instrumental)" and the compositions embodied therein are hereinafter collectively referred to as "the TDE 'Rigamortus' songs".

3.    The sound recording of "The Thorn" and the composition embodied therein, owned by Jones and Reed respectively, are hereinafter referred to as "The Thorn".

4.    Upon information and belief, access to Reed/Jones' "The Thorn" enabled Defendants to create and exploit the TDE "Rigamortus" songs and remakes, which infringes Reed/Jones' copyrights in violation of the United States Copyright Act.

5.    Defendants did not have permission to use "The Thorn" in any manner whatsoever.  Defendants' acts were committed without the knowledge or consent of Reed, Jones, or anyone affiliated with "The Thorn".

6.      Defendants copyrighted "Rigamortus" in their names with no credit or attribution to Reed or Jones for "The Thorn".

7.      Defendants' acts were committed willfully and with full knowledge that they had neither obtained nor sought authorization.

8.      Defendants committed their acts without payment or offer of payment to Plaintiffs.

## THE PARTIES

9.      Plaintiff, Eric S. Reed (hereinafter "Reed"), is an individual musician, composer, and recording artist whose home base is in Los Angeles, California.  Although based in California, Reed spends most of the calendar year on the road performing worldwide.  Reed performs in Chicago several times a year.

10.     Plaintiff, Soldier's Hymn Music, Inc. (hereinafter "Soldier's Hymn") is a corporation existing under the laws of the state of California.  Reed is the founder and sole shareholder of Soldier's Hymn, which publishes Reed's musical compositions.  Soldier's Hymn publishes music that is distributed worldwide, including Chicago, via the Internet and other distribution methods.

11.     Plaintiff, Willie Jones III (hereinafter "Jones"), is an individual musician, composer, and recording artist based in Brooklyn, New York.  Although based in New York, Jones spends most of the calendar year on the road performing worldwide.  Jones performs in Chicago several times a year.

12.     Plaintiff, WJ3 Productions, LLC (hereinafter "WJ3"), is a limited liability company existing under the laws of the state of New York.  Jones is the founder and sole owner

of WJ3, the production company that owns WJ3 records and all of its master recordings. WJ3 distributes music worldwide, including Chicago, via the Internet and other distribution methods.

13.     Upon information and belief, Defendant, Kendrick Lamar Duckworth (a/k/a Kendrick Lamar) (hereinafter "Lamar"), is an individual hip-hop artist who travels extensively doing live performances all over the world. Lamar has strong ties to Chicago, a fact noted in the 2011 Pitchfork documentary film *Radio Run*. Both of Lamar's parents are from Chicago, and several of Lamar's family members live in Chicago. Lamar travels to Chicago frequently, performing at Pitchfork Music Festival in 2012 and 2014, Lollapalooza in 2013, Congress Theater in 2012, United Center in 2013. Lamar works with Chicago hip hop artists Kanye West, Lupe Fiasco, and BJ the Chicago Kid. Lamar has performed the infringing "Rigamortus" in Chicago. Lamar's music, including "Rigamortus", is sold via the Internet for digital download as well as hard copy distribution in Chicago and the rest of the world. CD copies of "Rigamortus" have been sold and distributed in Chicago.

14.     Upon information and belief, Defendant, William T. Brown (a/k/a Willie B) (hereinafter "Brown") is an individual hip-hop producer and member of TopDawg's Digi+phonics production group, which works with Chicago artist BJ the Chicago Kid. Copies of his recording *Ichiban: Sound in 3D*, which includes the infringing "Rigamortus (Full Instrumental)" have been sold in Chicago. Brown does business worldwide, including Chicago, by virtue of digital distribution and sale of music, online streaming, online video (YouTube), etc.

15.     Upon information and belief, Defendant, Mark Anthony Spears (a/k/a Sounwave) (hereinafter "Spears") is an individual hip-hop producer and member of TopDawg's Digi+phonics production group, which works with Chicago artist BJ the Chicago Kid. Spears is listed as a copyright claimant for "Rigamortus" as registered with the American Society of

Composers Authors and Publishers (hereinafter "ASCAP") and the Harry Fox Agency (hereinafter "HFA"). Spears does business worldwide, including Chicago, by virtue of digital distribution and sale of music, online streaming, online video (YouTube), etc.

16. Upon information and belief, Defendant, TopDawg Entertainment, Inc. is a corporation existing under the laws of the State of California. TopDawg sells and distributes the infringing songs worldwide, including in Chicago, and TopDawg artist, Kendrick Lamar, performs the infringing songs in Chicago.

17. Upon information and belief, Defendants, Sony/ATV Allegro c/o Sony/ATV Tunes, LLC and Beat Bully Productions c/o Sony/ATV Tunes, LLC are affiliated with Sony/ATV Music Publishing, LLC, the largest music publisher in the world. Sony ATV is headquartered in New York with related companies worldwide. ASCAP records for these Defendants provide a Nashville, TN contact address. As publishers of the infringing song, these Defendants participate in and benefit from all infringing activities committed everywhere. These Defendants are listed as copyright claimants for "Rigamortus" as registered with ASCAP. These Defendants do business worldwide, including Chicago, by virtue of digital distribution and sale of music, online streaming, online video (YouTube), etc.

18. Upon information and belief, Defendants, Reach Music Publishing, Inc., Four Dott c/o Reach Music Publishing, Inc., and Music From the Boardwalk c/o Reach Music Publishing, Inc. are affiliated with Reach Music Publishing, Inc., headquartered in California and doing business worldwide. As publishers of the infringing songs, these Defendants participate in and benefit from all infringing activities committed everywhere. These Defendants are listed as copyright claimants for "Rigamortus" as registered with ASCAP and HFA. These Defendants

do business worldwide, including Chicago, by virtue of digital distribution and sale of music, online streaming, online video (YouTube), etc.

19.     Upon information and belief, Defendants Hard Working Black Folks, Inc. c/o WB Music Corp. c/o Warner Chappell Music, Inc., Top Dawg Music c/o WB Music Corp. c/o Warner Chappell Music, Inc., WB Music Corp. c/o Warner Chappell Music, Inc. are affiliated with Warner Brothers Music Corp., headquartered in California and doing business worldwide. As publishers of the infringing songs, these Defendants participate in and benefit from all infringing activities committed everywhere. These Defendants are listed as copyright claimants for "Rigamortus" as registered with ASCAP and HFA. These Defendants do business worldwide, including Chicago, by virtue of digital distribution and sale of music, online streaming, online video (YouTube), etc.

## JURISDICTION AND VENUE

20.     This action arises under the United States Copyright Act, 17 U.S.C. § 101 *et seq.* (hereinafter, "the Copyright Act") and the Lanham Act, 15 U.S.C. § 1125.

21.     This Court has original subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); § 1332 (action between citizens of different states with an amount in controversy exceeding $75,000, exclusive of interest and costs, as to each Defendant); and § 1338(a) and (b) (jurisdiction over copyright actions).

22.     Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b) & (c). Upon information and belief, Defendants may be found in this District and a substantial part of the events or omissions giving rise to these claims have occurred and are occurring in this District.

23.     This court has personal jurisdiction over each of the Defendants because each

Defendant regularly conducts business in this District of the State of Illinois and therefore has

substantial and continuous contacts within this judicial District; because each Defendant has

purposefully availed itself of the privileges of conducting business in this judicial District and

reasonably should expect their infringing conduct to have consequences in the State of Illinois;

because each Defendant derives substantial revenue from goods/services used or consumed in

the State of Illinois; and/or because each Defendant has committed infringing acts inside the

State of Illinois.

## FACTS

### Eric Reed – Pianist and Author of "The Thorn" Composition

24.     Eric Reed is a pianist, composer, arranger, producer, recording artist, and

bandleader who has been playing and writing music for most of his life.

25.     Reed began playing the piano at age two, was playing piano in church by age five,

and began formal music training at age seven.  His formal training began at Settlement Music

School in Philadelphia and continued at the R. D. Colburn School of the Arts in Los Angeles.

26.     Reed met Wynton Marsalis as a teen while at the Colburn School.   Less than two

years later, Reed toured briefly with Marsalis and joined the famed trumpeter's septet the

following year.  Reed also worked with the Jazz at Lincoln Center Orchestra for two years,

before embarking on his career as a leader.

27.     Reed has worked with jazz legends such as Joe Henderson, Freddie Hubbard,

Clark Terry, Elvin Jones, Ron Carter, and Benny Carter.  Other top artists that have shared the

stage and/or studio with Reed are Cassandra Wilson, Dianne Reeves, Christian McBride, Patti

Labelle, Edwin Hawkins, Natalie Cole, Kathleen Battle, Jessye Norman, Tovah Feldshuh, Richard Smallwood, Alvin Ailey American Dance Theater, and Quincy Jones.

29.     Reed's discography boasts at least 50 recordings, many of which have received critical acclaim.  Reed appears on Marsalis' Pulitzer-Prize winning *Blood on the Fields* and Grammy® nominated *Buggy Ride*.

30.     As a leader, Reed has earned a position on Billboard's Top Jazz Album list three times for his recordings *The Swing and I*, *Pure Imagination*, and *Manhattan Melodies*.

31.     Reed is an accomplished composer who has written over 100 songs and has scored music for independent and mainstream films including *Life*, featuring Eddie Murphy and Martin Lawrence.  Many of Reed's original compositions have been recorded and/or performed by Reed himself or other musicians.  In addition to Jones, artists such as Christian McBride, Rodney Whitaker, Marcus Printup, Jeremy Pelt, Edwin Hawkins, Gregory Tardy, Wycliffe Gordon, and Sherman Irby have recorded and/or performed Reed's original music.

32.     Reed publishes his music through his own company, Soldier's Hymn, a California corporation of which he is the sole shareholder.

33.     Reed composed "The Thorn" in 2009 for Willie Jones III's 2010 recording *The Next Phase* (WJ3).

34.     Reed's claim of authorship in "The Thorn" is registered with the United States Copyright Office, Registration Number Pau 3-682-265.

### **Willie Jones III – Drummer and Producer/Owner of "The Thorn" Sound Recording**

35.     Willie Jones III is a drummer, composer, bandleader, and record producer who has been playing and writing music for most of his life.

36.     Jones is the son of jazz pianist, Willie Jones II, and has been playing drums since early childhood.  By his teens, Jones III was performing with distinguished musicians, and earned a full scholarship to the California Institute of the Arts where he studied under jazz legend Albert "Tootie" Heath.  Early in his career, Jones was a semi-finalist in the prestigious Thelonious Monk Jazz Drum Competition and founded the group Black Note, winner of the John Coltrane Young Artist Competition.

37.     Jones has worked with jazz legends Milt Jackson, Sonny Rollins, Bobby Hutcherson, Wynton Marsalis, Cedar Walton, Frank Wess, Houston Person, Herbie Hancock, Hank Jones, and Horace Silver.

39.     Jones' discography comprises at least 40 recordings, several of which have enjoyed tremendous success and even Grammy® nominations/wins.  As a member of Arturo Sandoval's band, Jones was featured on the group's Grammy® winning recording *Hot House* (N2K).  Jones also appeared on Kurt Elling's Grammy® nominated *Night Moves* (Concord).  For eight years, Jones was a member of the Roy Hargrove Quintet with whom he recorded four of the band's well-known releases: *Moment to Moment*, *Hard Groove*, *Nothing Serious*, and RH Factor's *Distractions* (Verve).  Jones released his first recording as a leader in 2000 on his own WJ3 label.  Since then, WJ3 has released 13 recordings by Jones and other artists including Reed, Cyrus Chestnut, Jacques Lesure, and Justin Robinson.

40.     WJ3 is a New York limited liability company founded and owned by Jones, which comprises the WJ3 record label.

42.     In 2010, Jones' WJ3 label released *The Next Phase*.  "The Thorn" is the opening track on the album.  The recording features Jones on drums and Reed on piano.

43. The CD liner attributes authorship of "The Thorn" to Reed and the back cover bears a copyright notice that reads: © + (P) 2009 WJ3 RECORDS.  ALL RIGHTS RESERVED.  WJ31008.  UNAUTHORIZED DUPLICATION IS A VIOLATION OF APPLICABLE LAWS.

44. Jones' claim of copyright in the sound recording is registered with the United States Copyright Office, Registration Number SR0000721860.  The certificate incorrectly lists the publication date as 01/01/2009.  This inadvertent error will be corrected via form CA.

**<u>Reed and Jones' Creation, Authorship, and Ownership of "The Thorn"</u>**

45. Reed and Jones have been recording together for WJ3 since 1996.  Their first WJ3 release was *Volume 1 … Straight Swingin'*, followed by *Volume 2 …Don't Knock the Swing*, *Volume 3*, *The Next Phase*, and most recently *Willie Jones III Sextet Plays the Max Roach Songbook.*  With the exception of the *Max Roach Songbook*, all of these recordings feature compositions authored by Reed.

46. Reed composed "The Thorn" in 2009 for WJ3 release *The Next Phase*.  "The Thorn" is a hard swinging track featuring an extremely distinctive and catchy hook that is the refrain of the song.  The recording is infectiously rhythmic with clever melodic triplets throughout the hook played expertly by a tight rhythm section and commanding horns.

47. Recording sessions took place at Systems Two Studios in Brooklyn, New York on October 15 and December 17, 2009.  The band consisted of Reed on piano, Jones on drums, Dezron Douglas on bass, Warren Wolf on vibes, Greg Tardy on tenor saxophone, and Steve Davis on trombone.

48. *The Next Phase* was released on July 20, 2010, featuring Reed's "The Thorn as the opening track.  Copies of the recording were available for purchase through iTunes, EMusic, Amazon, and CDBaby.

11

49.     *The Next Phase* was available for listening on various streaming services including Spotify, Pandora, and Rhapsody.

### Defendants' Infringement of "The Thorn"

50.     Neither Reed nor Jones granted permission to any of the Defendants to use "The Thorn" in any manner whatsoever.  Defendants' use of "The Thorn" was completely unauthorized and without the knowledge or consent of owners Reed and Jones.

51.     Upon information and belief, after obtaining copies of and/or listening to "The Thorn", one or all of the Defendants created a sound recording titled "Rigamortus", which was a track on Lamar's *Section.80* (TopDawg).

52.     "Rigamortus" is a hip-hip recording consisting entirely of the refrain from "The Thorn" sound recording with lyrics added and performed by Lamar.

53.     "The Thorn" is not merely a part of "Rigamortus" or even the heart of "Rigamortus"; it **is** "Rigamortus".  The distinctive and catchy refrain from "The Thorn" sound recording, sped up a bit, repeats as a continuous loop throughout the entire "Rigamortus" song while Lamar raps over it.  The clever melodic triplets, infectious rhythm, and commanding horns from "The Thorn" are copied to "Rigamortus" directly from Jones' sound recording.  Defendants did not play any instruments or contribute any original musical performance to the "Rigamortus" sound recording.  The instrumental element of  "Rigamortus" and the composition that it embodies are owned and authored entirely by Jones and Reed respectively.

54.     The lyrics to "Rigamortus" and the performance thereof are the only elements of "Rigamortus" not copied directly from "The Thorn".

55.     Despite having contributed no original music to "Rigamortus", Lamar and Brown registered their claim of copyright in the composition "Rigamortus" with the Copyright Office as

reflected by Registration No. PA0001856022. Their authorship is described as music and lyrics. Records on file with ASCAP and the HFA show Lamar, Brown, and Spears as authors, listing them and their associated publishers along with TopDawg Entertainment as copyright claimants entitled to royalties.

56.    Upon information and belief, after obtaining copies of and/or listening to "The Thorn", one or all of the Defendants created a sound recording titled "Rigamortus (Remix)" featuring famous rapper, Busta Rhymes (TopDawg).

57.    "Rigamortus (Remix)" is nearly identical to "Rigamortus", containing the same musical elements from "The Thorn" as "Rigamortus", only with additional lyrics performed and presumably authored by Busta Rhymes.

58.    "Rigamortus (Remix)" was released as a single by TopDawg Entertainment.

59.    ASCAP records for "Rigamortus (Remix)" list only Brown as sole author, despite that he contributed no original musical authorship to the work, and the Remix is a mere variation of "Rigamortus".

60.    Upon information and belief, after obtaining copies of and/or listening to "The Thorn", one or all of the Defendants created a sound recording titled "Rigamortus (Full Instrumental)" (TopDawg).

61.    "Rigamortus (Full Instrumental)" was released on *Ichiban: Sound in 3D* by Defendant, Brown (TopDawg).

62.    "Rigamortus (Full Instrumental)" does not feature lyrics or vocal performances and consists only of the repeating loop that was taken from "The Thorn" with minor sonic embellishments and studio sound effects added. Authorship in the sound recording and the underlying musical composition belong entirely to Reed and Jones.

**Striking Similarity of the Works**

61.     The TDE "Rigamortus" songs all consist of the repeating loop of the distinctive and catchy refrain from "The Thorn" sound recording.

62.     "The Thorn" and the TDE "Rigamortus" songs feature clever melodic triplets, infectious rhythm, and commanding horns.

63.     The TDE "Rigamortus" songs' striking similarity to "The Thorn" is obvious, even to non-musicians.  Jones and Reed became aware of the infringing "Rigamortus" through non-musicians who brought the Lamar recording to their attention.  After performing "The Thorn" live at Dizzy's Club Coca-Cola in New York, Reed was approached by two separate members of the audience who exclaimed that Lamar sampled the song.  A high school friend of Jones' saw Lamar's "Rigamortus" video, immediately recognized "The Thorn", and contacted Jones.  The Wikipedia page for *Section.80* states: " 'Rigamortus' contains a sample of 'The Thorn' as performed by Willie Jones III", and the website found at www.whosampled.com (image below) states that music from "The Thorn" appears throughout "Rigamortus", even though Lamar's album does not list "The Thorn" or its authors among the album credits.



64.     Pianist Kris Bowers covered "Rigamortus", spelling it "Rigamortis" and stating

that the Lamar recording contains music from "The Thorn", written by Reed and recorded on

Jones' *The Next Phase*.

65.     All versions of "Rigamortus" and "Rigamortis", starting with the TDE "Rigamortus" songs and including covers, remakes, remixes, and other variations thereof are infringing derivative works adapted from "The Thorn".

### Access to Reed/Jones' "The Thorn"

66.     "The Thorn" appeared on *The Next Phase*, which was released to the worldwide general public for purchase on July 20, 2010.  Online retailers iTunes, Amazon, and CDBaby carried the recording for anyone to purchase.

67.     "The Thorn" was available for listening via streaming audio on the Internet from Spotify, Rhapsody, Pandora, and others on the July 20, 2010 release date.

68.     Upon information and belief, one or all of the Defendants obtained a copy of "The Thorn" and copied it in order to make the TDE "Rigamortus" songs in 2011.

69.     Neither Reed nor Jones nor their affiliated companies gave permission to any of the Defendants to copy, use, or otherwise exploit any of their music in any form whatsoever. Defendants appropriated "The Thorn" without the knowledge or consent of the rightful owners of the song and sound recording.  Defendants did so willfully; fully aware that the music they appropriated was not theirs and that they did not have permission to use it.

69.     Defendants did not attribute any of the musical element of the TDE "Rigamortus" songs to Reed or Jones.  No album credit or other acknowledgement was afforded Reed and Jones for "The Thorn".

69.     Brown has made it of record that he is an avid listener of jazz and relative of trumpet legend Clifford Brown.

70.     On September 7, 2011, Brown contacted Reed via facebook and inquired: "I need to ask you a question about sampling ..Like if I were to sample your work for a hip hop record.. What would your feelings be about that?"

71.     Unaware that "The Thorn" had already been misappropriated by Brown, Reed replied by suggesting that they talk in more detail in the future.  Reed did not consent to the use of any of his music in any part of the exchange with Brown.

71.     In a video posted to his own YouTube channel on September 17, 2011, producer Brown demonstrates exactly how he "created" "Rigamortus".  The caption on the YouTube page lists the following description for the video: "Willie B plays the original sample of 'Rigamortus' and shows the session in fruityloops. #HiiiPoWer."  The video opens with Brown addressing viewers and then shifts to his computer from which he plays "The Thorn" and the monitor reads: "Willie Jones III The Thorn".  The entire video is 2:31 in length and no instruments are used. Only the computer and the sound recording of "The Thorn" are used to create "Rigamortus" in less than three minutes.



72.     In an interview posted on istandardproducers.com, Brown stated that the "Rigamortus" instrumental track was something he made in his mother's back room with his only contribution being production.  He went on to say that the track was really for a rap song that he wrote titled "The Thorn".

**Defendants' Exploitation of "Rigamortus" and Other Infringing Derivative Works and Benefits Derived Therefrom**

73.     "Rigamortus" was released for worldwide purchase via the Internet as part of Lamar's acclaimed *Section.80* (TopDawg).

74.     At the time of filing this Complaint, Plaintiffs are aware of the following versions of the infringing "Rigamortus": "Rigamortus", Kendrick Lamar: *Section.80*; "Rigamortus (Remix)", Kendrick Lamar featuring Busta Rhymes; "Rigamortus (Full Instrumental)", Willie B:

*Ichiban: Sound in 3D*; "Rigamortis Cover", Kris Bowers; "Rigamortis", CGP All Stars: *All the Kings Men*; "Rigamortis (Instrumental)", Syndicate Sound Labs: *Kendrick's Instrumentals, Vol. 1*; "Rigamortis", Redd: *Potential*; and "National Rigamortis (Radiohead x Kendrick Lamar)", the B.E.A.T.: *undercover EP*.

75.     All songs listed in the preceding paragraph are being sold, performed, licensed, and otherwise exploited for money by the Defendants.

76.     The numerous remakes, remixes, and excessive exploitation of "Rigamortus" are a testament to the immense popularity of the musical portion of the song.  However, they have saturated the airwaves and diminished the market for licensing "The Thorn" for use by other producers.

77.      Pharrell Williams praised Lamar as one of the next great hip hop artists, citing *Rigamortis* as a favorite and saying: "I _LOVE_-- that jazz sh*t".  (The image below is the moment when Williams expressed his love of the jazz.)  Since then, Lamar has collaborated with Williams on music featured in the soundtrack to the film The Amazing Spider Man 2.



19

78.     Lady Gaga also is a known fan of Lamar's, tweeting the hashtag #Rigamortis on July 4, 2011 before attending his performance at Pitchfork music festival in Chicago.

79.     In an interview posted on hiphopdx.com, Brown states that "Rigamortus" opened doors for him and "catapulted" his career.

80.     As the listed copyright claimants to "Rigamortus", Defendants collect and/or are believed to be entitled to collect royalties and licensing revenue from all exploitation of "Rigamortus" including but not limited to remakes, remixes, videos, and streaming.

81.     Terrence "Punch" Henderson, co-president of TopDawg Entertainment told Billboard Magazine in an interview that appeared in the March 8, 2014 issue that *Section.80* sold more than 130,000 copies.

82.     Upon information and belief, each and all of the Defendants infringed "The Thorn", and they knew, or should have known, of the infringing acts of each of the other Defendants, and they materially contributed to the infringement alleged herein.

81.     As a result of their wrongful conduct, Defendants are liable to Reed, Jones, Soldier's Hymn, and WJ3 for copyright infringement pursuant to 17 U.S.C. § 501, false designation of origin pursuant to 15 U.S.C. § 1125, misappropriation pursuant to 36 C.F.R. § 2.30, unjust enrichment, and diminution of value.

82.     Reed and Jones have suffered, and will continue to suffer, substantial losses as a result of Defendants' conduct complained of herein.

83.     Reed, Jones, Soldier's Hymn, and WJ3 are entitled to recover damages, which include their losses and any and all profits Defendants have made as a result of their wrongful conduct pursuant to 17 U.S.C. § 504.

84.     Upon information and belief, Defendants are, and at all times material hereto have been, acting in concert with the knowledge and consent of each other, and each and all of the Defendants jointly and severally participated in the infringing activities set forth herein, and each Defendant was acting within the course and scope of employment, partnership, and/or agency with the other, and each of the Defendants is jointly and severally liable for the injuries to Reed, Jones, Soldier's Hymn, and WJ3 alleged herein.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement, 17 U.S.C. §§ 101 *et. seq.***

85.     Plaintiffs allege and incorporate by reference paragraphs 1-84, as though fully set forth herein.

86.     Jones' WJ3 is the sole copyright owner of the sound recording "The Thorn", which Defendants willfully infringed.

87.     Reed and his Soldier's Hymn are the sole copyright owner and publisher of the composition "The Thorn", embodied in the sound recording of the same name, which Defendants willfully infringed.

88.     Defendants are directly liable for copyright infringement because, after obtaining access to "The Thorn", they copied the copyrighted work to create the TDE "Rigamortus" songs: "Rigamortus", "Rigamortus (Remix)" and "Rigamortus (Full Instrumental)", all infringing derivative works.

89.     TopDawg Entertainment is directly liable for copyright infringement because it sells, distributes, and licenses the infringing TDE "Rigamortus" songs and sound recordings for remakes, derivative works, and synchronization with video elements and other infringing uses.

90.     All defendants are directly liable for copyright infringement because they license the TDE "Rigamortus" songs for remakes and derivative works including "Rigamortis Cover",

Kris Bowers; "Rigamortis", CGP All Stars: *All the Kings Men*; "Rigamortis (Instrumental)",

Syndicate Sound Labs: *Kendrick's Instrumentals, Vol. 1*; "Rigamortis", Redd: *Potential*; and

"National Rigamortis (Radiohead x Kendrick Lamar)", the B.E.A.T.: *undercover EP*.

91.     The unauthorized copying, adaptation, performance, and distribution of works

copied and derived from "The Thorn" constitute violations of the United States Copyright Act,

and each and all Defendants are acting as direct infringers pursuant to 17 U.S.C. § 101 *et. seq.*

92.     As a direct and proximate result of the wrongful conduct of Defendants,

Reed/Soldier's Hymn and Jones/WJ3 have suffered and continue to suffer substantial money

damages at an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**Contributory Copyright Infringement**

93.     Plaintiffs re-allege and incorporate herein by reference the allegations set forth in

paragraphs 1-92 inclusive, as though fully set forth herein.

94.     Each Defendant is liable for contributory infringement in that each knew or

should have known of the infringing activity alleged herein, and knowingly induced, caused

and/or materially contributed to the infringing acts alleged herein, by aiding in the creation,

development and/or exploitation of all of the works alleged herein to be infringing.

95.     The acts and conduct of each Defendant, as alleged herein, constitute contributory

copyright infringement.

**THIRD CLAIM FOR RELIEF**
**Vicarious Copyright Infringement**

96.     Plaintiffs re-allege and incorporate by reference the allegations set forth in

paragraphs 1-95 inclusive, as though fully set forth herein.

97.     Each Defendant is liable for vicarious copyright infringement in that each had the right, authority, and the ability to control or supervise the actions, failures, and omissions alleged herein that violated Plaintiffs' copyrights in "The Thorn".

98.     The acts and conduct of each Defendant, as alleged herein, constitute vicarious copyright infringement.

### FOURTH CLAIM FOR RELIEF
### False Designation of Origin, 15 U.S.C. § 1125

99.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1-98 inclusive, as though fully set forth herein.

100.    Defendants' failure to attribute authorship to Plaintiffs and Defendants' registration, licensing, and promotion of the various "Rigamortus" songs as their creation constitutes false designation of origin under the Lanham Act.

### FOURTH CLAIM FOR RELIEF
### Misappropriation, 36 C.F.R. § 2.30

101.    Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1-100 inclusive, as though fully set forth herein.

102.    Defendants obtained Plaintiffs' musical performance of "The Thorn" and the composition embodied therein, exploited these properties in numerous ways for pecuniary gain and career advancement.  Defendants neither paid Plaintiffs nor offered to pay them.

103.     Defendants are liable for misappropriation in that they obtained Plaintiffs' property or services without making payment or offering to pay.

### FIFTH CLAIM FOR RELIEF
### Unjust Enrichment

104.    Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1-103 inclusive, as though fully set forth herein.

104.    Defendants enjoyed monetary benefits, artistic accolades, and career amplification at Plaintiffs' expense.  By using Plaintiffs' work without permission, payment, or artistic credit to Plaintiffs, Defendants have enjoyed the financial and career benefits of a hit recording without any of the cost normally associated with such endeavors.  Defendants did not even incur the usual expense of recording; this cost was borne by WJ3 when "The Thorn" was recorded.

105.    Defendants are aware of the benefits they have enjoyed as a direct result of their wrongdoing.

### SIXTH CLAIM FOR RELIEF
### Diminution of Value

106.    Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1-105 inclusive, as though fully set forth herein.

107.    The numerous versions of "Rigamortus" by TopDawg artists and their licensees has saturated the airwaves with "The Thorn", thereby diminishing its value.  This market saturation has effectively destroyed any opportunity Plaintiffs would have had to license "The Thorn" to the producer of their choice.

108.    Artists and producers far more successful than the Defendants (such as "Happy" phenom, Pharrell Williams and pop queen Lady Gaga) have openly expressed their love of "The Thorn" through their praise of the "Rigamortus" instrumental.  Plaintiffs' opportunity to license "The Thorn" for use by artists and/or producers on that level has been eliminated by Defendants' excessive exploitation of the song.

WHEREFORE, Reed/Soldier's Hymn and Jones/WJ3 pray as set forth above and for the following relief:

(i)  Ordering Defendants to immediately cease and desist all exploitation of all versions of "Rigamortus"/"Rigamortis" and their derivatives and remakes and associated audiovisual works;

(ii)  Ordering the impoundment and destruction of all infringing articles;

(iii)  Ordering Defendants to transfer to Plaintiffs all copyrights in "Rigamortus", "Rigamortus (Remix)", and "Rigamortus (Full Instrumental)", including but not limited to copyright in the sound recordings and underlying compositions in all versions of the songs;

(iv)  Ordering Defendants to amend all U.S. Copyright Registrations, ASCAP Registrations and HFA Registrations so that all Defendants are removed and replaced by Plaintiffs as authors and copyright claimants;

(v)  Ordering Defendants, jointly and severally, to pay Plaintiffs damages they have sustained and will sustain, and any income, gains, profits, and advantages obtained by Defendants as a result of their wrongful acts alleged hereinabove, in an amount according to proof but not less than $1,000,000.00;

(vi)  Full disgorgement of Defendants' profits from the infringement;

(vii)  Ordering Defendants to pay to Plaintiffs all royalties earned now and in the future from all versions of "Rigamortus"/"Rigamortis" without deductions for any expenses or disbursements such as recording costs;

(viii)  Ordering Defendants, jointly and severally, to pay Plaintiffs' attorneys' fees, expenses, and costs incurred in connection with this action, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial;

(ix)     Ordering Defendants, jointly and severally, to pay to Plaintiffs pre- and post-judgment interest;

(x)     Ordering Defendants, jointly and severally, to acknowledge Plaintiffs as authors and creators of the "Rigamortus" sound recordings and underlying compositions, and all derivative works which have been released or authorized and will be released or authorized, indirectly or directly, by Defendants;

(xi)     Ordering Defendants publicly to acknowledge the infringement and apologize to Reed, Jones, and the other musicians who made possible their success;

(xii)     For such further relief and remedies the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby request a trial by jury on each claim for relief alleged in the Complaint.

ERIC S. REED/SOLDIER'S HYMN MUSIC, INC.
WILLIE JONES, III/WJ3 PRODUCTIONS, LLC

By their attorneys,

Dated: July 2, 2014     By:     /s/ Rochelle Claerbaut
Rochelle Claerbaut, ARDC # 6285933
ROCHELLE CLAERBAUT, PC
10 N. Dearborn, Suite 600
Chicago, IL 60602
rochelle@rciplaw.com

Charles G. Albert, ARDC # 3123949
ALBERT, WHITEHEAD, PC
10 N. Dearborn, Suite 600
Chicago, IL 60602
calbert@awpc-law.com